IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIDIE BAUCUM, | ) |
|       Plaintiff, | ) |
| v. | ) No. |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) |
|       Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, BRIDIE BAUCUM, by her attorneys, WILLIAM T. REYNOLDS, MATTHEW T. MALONEY and DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, she states:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, consists of group short-term disability ("STD"), long-term disability ("LTD"), and life insurance waiver of premium ("LWOP") benefits.

2. This action may additionally be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative

or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Venue is proper in the Northern District of Illinois, because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## *The Parties*

5. The plaintiff, Bridie Baucum ("Baucum" or "Plaintiff"), age 45 (born in 1976), is a resident of Springfield, Sangamon County, Illinois.

6. The defendant, Life Insurance Company of North America ("LINA" or "Defendant"), was at all times relevant hereto doing business throughout the United States and within the Northern District of Illinois, and it issued and delivered coverage to Plaintiff in the State of Illinois.

## Count I – Denial of LTD Benefits

## *Nature of the Action*

7. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Baucum seeks payment of LTD benefits due under an LTD group policy of insurance: group policy number VDT-962432 ("LTD Policy"), underwritten and administered by LINA for the benefit of employees of Springfield Clinic, LLP ("Springfield Clinic") (a true and accurate copy of the Policy provided to Plaintiff and represented as the governing plan document is attached hereto as Exhibit "A").

8. At all times relevant hereto, the LTD Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her employment with Springfield Clinic, Baucum received coverage under the LTD Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

2

9. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant LTD Policy Provisions*

10. The LTD Policy provides monthly disability income benefits for participants that meet the following "Definition of Disability":

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 80% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

Ex. A at 5.

### *Statement of Facts*

11. Immediately prior to ceasing work, Baucum was successfully employed as an ultrasound technologist at Springfield Clinic, a healthcare provider based in Illinois.

12. Baucum became unable to work due to a multitude of symptoms, including but not limited to, cervical and lumbar spine pain and radiculopathy, complex regional pain syndrome, carpal tunnel syndrome, fatigue, depression, anxiety, and gastroparesis, on November 22, 2017. She has not worked in any capacity since that date.

13. Upon exhaustion of the 90-day waiting period, Baucum timely applied for LTD benefits under the Policy. LINA initially approved that claim and awarded LTD benefits in the amount of $2,823.00 per month effective February 20, 2018.

14. Despite the overwhelming medical evidence supporting her ongoing disability, on February 12, 2020, LINA terminated Baucum's claim for ongoing LTD benefits effective February 20, 2020. LINA based that decision on a medical examination performed by Thomas Kibby, M.D. and a psychiatric evaluation conducted by Nishad Nadkarni, M.D. That decision was also based on a transferable skills analysis performed by one of LINA's employees.

15. On September 8, 2020, Baucum, with the assistance of counsel, submitted an appeal of LINA's termination of benefits. Supporting evidence provided with her appeal included updated treatment records and opinion evidence from her treating doctors, all of which demonstrated her ongoing entitlement to LTD benefits.

16. Nonetheless, on February 18, 2021, LINA upheld its termination of Baucum's LTD benefit claim based on the opinions of two non-examining physicians, Kenneth Park, D.O. and Kenneth Marks, D.O.

17. LINA's termination of Baucum's LTD benefits was and remains against the weight of the medical evidence, including the opinions of her treating doctors and a consulting physician LINA enlisted to assess Baucum's medical impairments, Dermot Maher, M.D., M.S., M.H.S.

18. LINA's decision to terminate LTD benefits was the product of biased claims handling and was the result of a conflict of interest rooted in unfounded and unsupported medical reviews performed by non-treating physicians and vocational analysts employed by and/or routinely contracted by LINA.

19. Baucum remains entitled to LTD benefits due since February 20, 2020 plus any interest that has accrued thereon; and she is also entitled to a declaration of rights that her benefits remain payable thereafter so long as she continues to meet the Policy's terms and conditions.

20. All required avenues of administrative appeal to LINA have now been exhausted, and this matter is therefore ripe for adjudication.

### *Relief Sought*

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant and that the court order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled from February 20, 2020 to the present;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court order Defendant to continue paying Plaintiff LTD benefits in an amount equal to the contractual amount of benefits to which she is entitled through the Policy's Maximum Benefit Period, so long as she continues to meet the Policy's conditions for continuance of benefits;

D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E. That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

## **Count II – Denial of STD Benefits**

For Count II of her Complaint, Plaintiff alleges as follows:

1–20. Plaintiff reasserts and incorporates Paragraphs 1–20 above as though fully set forth herein and further alleges:

### *Nature of Action*

21. This is a claim seeking recovery of benefits due under the Springfield Clinic Group Short Term Disability Insurance Certificate ("STD Certificate") (a true and accurate copy of the STD Certificate provided to Plaintiff and believed to be the governing plan document is attached hereto as Exhibit "B"), which provides salary continuation for short-term disability, and is underwritten and administered by LINA.

22. At all times relevant hereto, the STD Certificate constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her employment with Springfield Clinic, Baucum received coverage under the STD Certificate as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

23. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

### *Relevant STD Provisions*

24. The STD Certificate contains the following relevant provisions:

**Disability/Disabled**
You are considered Disabled if, solely because of Injury or Sickness, you are:
1. unable to perform the material duties of your Regular Job; and
2. unable to earn 80% or more of your Covered Earnings from working in your Regular Job.

We will require proof of earnings and continued Disability.

. . .

6

> **Regular Job**
> You will be considered Disabled if, because of Injury or Sickness, you are unable to perform the material duties of your regular job. In evaluating the Disability, we will consider the duties of the job as it is normally performed for the Employer.
>
> . . .
>
> **YOUR RIGHTS AS SET FORTH BY ERISA**
> As a participant in Springfield Clinic, LLP's Insurance Plan you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 ("ERISA").

Ex. B at 24-25, 28.

## *Statement of Facts*

25. Immediately after ceasing work on November 22, 2017, Baucum submitted a claim for STD benefits to LINA, which initially approved her claim from November 22, 2017 through February 8, 2018.

26. Despite no evidence of an improvement in her condition, LINA ceased paying STD benefits to Baucum beyond February 8, 2018.

27. Plaintiff submitted a *pro se* appeal of that decision on May 1, 2018. Nevertheless, Defendant upheld its termination of her STD benefits on August 23, 2018. To reach that decision, Defendant relied on an unnamed "medical consultant," whom, upon information and belief, is a LINA employee.

28. Plaintiff, through counsel, submitted another appeal of that decision on May 20, 2019. With that appeal, Plaintiff included additional treatment records and treating physicians' opinions, all of which demonstrated her ongoing entitlement to STD benefits.

29. Nonetheless, on July 11, 2019, LINA upheld its termination of Baucum's STD benefits. LINA based its determination on an unnamed nurse case manager and an unnamed behavioral health specialist, both of whom, upon information and belief, are LINA employees.

30. The evidence submitted to LINA establishes that Baucum has been continuously unable to work since November 22, 2017 and has thus met the STD Certificate's definition of disabled since that date due to her various medical impairments. Baucum is therefore entitled to receive all STD benefits from February 8, 2018 through the end of the STD Certificate's benefit period, with interest.

31. All required pre-litigation appeals seeking the payment of STD benefits have been exhausted. Therefore, this matter is ripe for judicial review.

### *Relief Sought*

WHEREFORE, Plaintiff respectfully requests that this Court enter an order as follows:

A. That the Court enter judgment in Plaintiff's favor and against Defendant, and that the Court order Defendant to pay all past due STD benefits in an amount equal to the contractual amount of benefits to which Plaintiff is entitled from February 8, 2018 through the end of the STD Certificate's benefit period.

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

C. That the Court award Plaintiff her attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

D. That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

### **Count III – Denial of LWOP Benefit**

For Count III of her Complaint:

1–31. Plaintiff reasserts and incorporates Paragraphs 1–31 above as though fully set forth

herein and further alleges:

## Nature of Action

32. This is a claim seeking reinstatement of group life insurance coverage under Group Term Life Insurance Policy number FLX-968075/FLX-968076 (collectively, the "Life Policy") (a true and accurate copy of the Life Policy provided to Plaintiff and believed to be the governing plan document is attached hereto as Exhibit "C"), which is underwritten and administered by LINA.

33. At all times relevant hereto, the Life Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)); and incident to her employment with Springfield Clinic, Baucum received coverage under the Life Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

34. Plaintiff also seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g), as well as all other remedies this Court sees fit to award.

## Relevant Policy Provisions

35. The Life Policy contains a provision which continues coverage without payment of premium (the LWOP benefit) if a participant meets the following test of disability to determine a claimant's entitlement to benefits:

> "Disability/Disabled" means because of Injury or Sickness an Employee is unable to perform the material duties of his or her Regular Occupation, or is receiving disability benefits under the Employer's plan, during the initial 9 months of Disability. Thereafter, the Employee must be unable to perform the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience, or is subject to the terms of a Rehabilitation Plan approved by the Insurance Company.

Ex. C at 19, 60.

### *Statement of Facts*

36. Pursuant to her initial receipt of LTD benefits, LINA began assessing Baucum's entitlement to the LWOP benefit on or around November 27, 2019.

37. On February 4, 2020, LINA informed Baucum that she was not entitled to the LWOP benefit. It based that decision on the examinations conducted by Dr. Kibby and Dr. Nadkarni, as well as the transferable skills analysis prepared by a LINA employee.

38. Plaintiff, through counsel, submitted an appeal of that benefit determination on September 8, 2020. Supporting evidence provided with her appeal included updated treatment records and opinion evidence from her treating doctors, all of which demonstrated her ongoing entitlement to the LWOP benefit.

39. However, based on the opinions of Dr. Park and Dr. Marks, LINA upheld its denial of Baucum's LWOP benefit claim on February 18, 2021.

40. The evidence submitted to LINA establishes that Baucum has been continuously unable to work in any capacity since February 20, 2020 and has thus met the Life Policy's definition of disabled since that date due to her various medical impairments.

41. All required pre-litigation appeals seeking the reinstatement of the LWOP benefit have been exhausted. Therefore, this matter is ripe for judicial review.

### *Relief Sought*

WHEREFORE, Plaintiff respectfully requests that this Court enter an order as follows:

A. That the Court order Defendant to reinstate Plaintiff's life insurance coverage and reimburse her for any premiums paid while those benefits were erroneously terminated;

B. That the Court order the Defendant to pay Plaintiff compounding prejudgment interest on all contractual benefits that have accrued prior to the date of judgment in accordance

with 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

  C. That the Court award Plaintiff her attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

  D. That Plaintiff be awarded any and all other contractual and/or equitable relief to which she may be entitled, as well as the costs of suit.

Dated: May 18, 2021        Respectfully Submitted,

              /s/ *Matthew T. Maloney*
              *Attorney for Plaintiff*

              Matthew T. Maloney
              William T. Reynolds
              DeBofsky Sherman Casciari Reynolds, P.C.
              150 N. Wacker Dr., Suite 1925
              Chicago, IL 60606
              (312) 561-4040 (phone)
              (312) 929-0309 (fax)